[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Department of Social Services commenced this action pursuant to its authority under General Statutes § 46b-162 seeking to establish paternity for two minor children of the named plaintiff. Service of the petition was purportedly made pursuant to General Statutes § 52-57
(f) which provides that if the plaintiff is "unable" to make service by in hand or abode then service can be made by delivering the process to the employer of the defendant. The employer is required to deliver the process to the defendant and to provide a certification that the process was delivered. In this case, a certification of delivery was filed with the original petition. However, there is no return of service by the serving officer. The certification of delivery does not substitute for a return of service. Furthermore, the State has made no showing that it was "unable" to utilize in hand or abode service. Absent such a showing, service through the employer is not authorized. However, the defendant attended court on February 8, 2000. He filed a general appearance and orally waived any defect in service. Therefore, this court has jurisdiction.
The defendant waived counsel and proceeded pro Se. He filed an answer denying the allegations of the complaint and moved for genetic tests pursuant to General Statutes § 46b-168. He did not request a waiver of costs. In fact, the motion form includes a statement which is checked off that the movant acknowledges that "I am presently employed and understand that I must prepay for the test . . . by 2/18/00." The court granted the motion and continued the case to February 22, 2000 for verification of scheduling and payment of the genetic test. Trial was set CT Page 7849 for April 11, 2000.
On April 11 the assistant attorney general reported that the genetic test had not been prepaid or scheduled. The defendant claimed that he had wailed payment to the laboratory on or about March 14, 2000. The court,Hutchinson, C.F.S.M., continued the case to May 9, 2000 for the defendant to prove payment and scheduling of the genetic test or for trial. On May 9 the defendant failed to attend court and provided no proof that the laboratory had received payment for the genetic test. Accordingly the court allowed the State and the plaintiff to proceed with trial.
The plaintiff testified as to paternity of two minor children born to her, Lauren Knight and Deshawn K. Knight. The court found her testimony credible, found her constant in her accusation and that no contrary statutory presumption applied. The court also found an adverse inference in the defendant's failure to follow through on his own motion for genetic tests.
Accordingly, judgment is entered that the defendant Christopher Hawes is the father of the minor child Lauren Knight, born September 2, 1988 to the plaintiff mother Crystal Knight and further, that he is the father of the minor child Deshawn K. Knight, born October 16, 1990 to the said plaintiff, and that he stands charged with the maintenance and support of both minor children with the assistance of the plaintiff to the extent applicable.
The plaintiff mother is employed and earns $625.00 per week gross income according to her financial affidavit. After deductions for taxes and medical insurance, her weekly take-home is $473.00. She claims a qualified child deduction for a child of another relationship pursuant to the child support guidelines, Regs., Conn. State Agencies, §46b-215a-2a(e).
The Social Services investigator offered into evidence a report from the Department of Labor as evidence of the defendant's earnings. During the period of inquiry, the defendant worked for AMS Services, Inc. The report disclosed his income for the last two quarters of 1998 and the first three quarters of 1999. The investigator subitted a guidelines computation based on the gross income for the last quarter disclosed which yields a weekly average gross income of $702. If the gross income for the most recent two quarters in used, the average weekly gross is $751.62.
The plaintiff mother has one additional child residing with her and is entitled to a qualified child deduction. It also appears that she qualifies for head of household treatment for tax purposes and is CT Page 7850 entitled to an earned income credit. The defendant father has two other support orders for a total of four children. The payable current support is $197.50 per week subject to immediate income withholding. These orders have been subject to protracted litigation regarding the distribution of funds withheld in which a decision was filed within the week. Hawes v.Hawes, 14 S.M.D. ___ (2000). From that case the court takes judicial notice that the defendant is in substantial compliance with those support orders and is entitled to credit pursuant to the child support guidelines.
The court's guidelines computation is found appended to this decision. The presumptive support amount is $124.00 per week. The court finds no reason to deviate from the guidelines. Accordingly, the defendant is ordered to pay $124.00 per week unallocated current support for the two minor children. In view of the defendants other substantial support obligations, the court will order a nominal $6.00 per week on the arrearage, making a total payable order of $130.00 per week. The order is effective July 1, 2000. Immediate income withholding is ordered. The arrearage order shall apply against any arrearage, past, present or future, unless modified or terminated by court order or discharge of all support obligations by the defendant.
The child support guidelines now require the court to provide an order for medical and dental insurance coverage. Regs., Conn. State Agencies, § 46b-215a-2a(g)(1). Accordingly, each parent is ordered to provide medical and dental insurance for the benefit of the minor children as available at reasonable cost on a group basis through an employer or union. The provisions of General Statutes § 46b-84 (e) are incorporated, and each parent is provided to provide the other parent and the State verification of such insurance on or before September 1, 2000 and thereafter within 30 days of a reasonable request. The plaintiff is ordered to certify this order to any disclosed insurance carrier.
The child support guidelines also require this court to order payment of the children's "medical and dental expenses that are not covered by insurance or reimbursed in any other manner." Regs., Conn. State Agencies, § 46b-215a-2a(g)(3). The guidelines call for recomputation of the parties' respective net incomes (line 11) by adjusting the same for the amount of the support order, arriving at an adjusted "net disposable income" on line 24. From these amounts, each parent's decimal share is computed. "The order for payment of unreimbursed medical expenses shall equal each parent's decimal share of such expenses that exceed one hundred dollars per child per calendar year." Regs., Conn. State Agencies, § 46b-215a-2a(g)(3)(D). The guidelines do not specify who is responsible for the first one hundred dollars per child per year.[1] It also appears that the guidelines direct that CT Page 7851 the contribution ordered be expressed as a "decimal share" rather than a dollar amount. Therefore, as required by the guidelines, the plaintiff mother is ordered to pay 0.59 (59%) of any unreimbursed or uninsured medical or dental costs as exceed one hundred dollars per year per child. The defendant father is ordered to pay 0.41 (41%) of such costs as exceed one hundred dollars per year per child.
The child support guidelines now also require the court to make an order regarding a contribution by the noncustodial parent to child care costs. Regs., Conn. State Agencies, § 46b-215a-2a(h). However, the plaintiffs financial affidavit indicates she incurs no present expense for child care. Accordingly the declines to enter an order for qualified child care costs.
In view of the problems relating to accounting for withheld support payments detailed in Hawes v. Hawes, 14 S.M.D. ___ (2000) and for the reasons stated therein, this court will enter a similar temporary order that the current support and arrearage payments be paid directly to the plaintiff. The clerk is directed to issue an immediate income withholding payable directly to her. This Family Support Magistrate hereby retains continuing jurisdiction over enforcement of this support order. At such time as the State demonstrates disbursement protocol consistent with this decision the court, on motion of any party, will consider redirection of the withholding order through the system. In the interim, in recognition that the support enforcement division will be unable to track payments, each party should keep permanent independent records of all payments.
The temporary removal of the income withholding order from the State disbursement system should not be construed as removing the case from the IV-D system. The plaintiff on behalf of her children continues to have the right to request any appropriate services from the Support Enforcement Division except for tracking of payments. Specifically, the plaintiff continues to be eligible for enforcement of her order through a contempt citation upon presentation to the Support Enforcement Division of credible evidence that the defendant is not paying or having withheld at least the weekly amount of the plaintiffs support order.
Regarding arrearages, the court will charge the defendant at the same presumptive order for three years of past due support. There is no evidence of any voluntary support payments by him during the reach back period. The court finds an arrearage of $19,344.00 due to the plaintiff as of June 30, 2000.
Judgment is entered accordingly. No costs are taxed.
Harris T. Lifshitz CT Page 7852 Family Support Magistrate
[EDITORS' NOTE: THE TABLE IS ELECTRONICALLY NON-TRANSFERRABLE.]